1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LINH N. NGUYEN,                              CASE NO. 05-CV-2287 WQH (WMc)

12                          Petitioner,           **ORDER ADOPTING REPORT**
                                                  **AND RECOMMENDATION**
            vs.
13
     GEORGE GIURBINO, Warden,
14
                          Respondent.
15

16   HAYES, Judge:

17          The matter before the Court is the review of the Report and Recommendation (doc. no. 21)

18   filed on November 1, 2006 by the Honorable William McCurine Jr., United States Magistrate Judge.

19   The Report and Recommendation set November 27, 2006, as the deadline for either party to file

20   objections.  Neither party filed objections.  The Court hereby adopts Magistrate Judge McCurine's

21   Report and Recommendation, finding Petitioner's current federal petition for writ of habeas corpus

22   to be fully exhausted, and denying Petitioner's Motion for Stay and Abeyance as moot (doc. no. 11).

23   Petitioner is ordered to file an Amended Petition incorporating his three newly exhausted claims, and

24   to serve copy on all parties no later than January 16, 2007.  Respondent is ordered to file and serve

25   an Answer to the Amended Petition no later than February 12, 2007.  If a Traverse is filed, it must be

26   filed and served no later than March 12, 2007.

27                                   **BACKGROUND**

28          The Court hereby incorporates by reference the factual and procedural background set forth

                                         - 1 -                                    05cv2287

1   in the Report and Recommendation.  The following is a summary of certain key facts.

2        Petitioner filed the instant Petition for Writ of Habeas Corpus on December 15, 2005, pursuant

3   to 28 U.S.C. § 2254.  On January 11, 2006, Petitioner moved to stay the federal proceedings, and on

4   February 9, 2006, filed a Petition for a Writ of Habeas Corpus in the California Supreme Court raising

5   three claims: (1) ineffective assistance of counsel for failure to investigate an intoxication defense; (2)

6   ineffective assistance of counsel for failure to present an intoxication defense during trial or

7   sentencing; and (3) a claim that Petitioner is entitled to an evidentiary hearing.  On May 18, 2006, the

8   Court denied Petitioner's January 11, 2006 Motion for Stay, and gave Petitioner until June 30, 2006

9   to file a new motion.  Petitioner filed a subsequent Motion for Stay and Abeyance on July 17, 2006.

10  (Petitioner attributed the Motion's untimeliness to prison officials incorrectly advising him of the

11  necessary postage.)

12       With respect to exhaustion, Petitioner contends that his failure to include all claims in his

13  original federal habeas petition should be excused because, at the time he filed his federal petition, he

14  had not yet received the relevant police reports that gave rise to his newly-raised ineffective assistance

15  of counsel claims concerning intoxication.  On August 18, 2006, Respondent filed an Answer to

16  Petitioner's federal habeas petition, and on October 11, 2006, the California Supreme Court denied

17  Petitioner's second Petition for Writ of Habeas Corpus.  In the Report and Recommendation,

18  Magistrate Judge McCurine concluded that Petitioner's federal habeas petition is fully exhausted,

19  despite Respondent's argument that Petitioner's claim of sentencing error under California Penal Code

20  § 654 was not presented to any of the California state courts.  Magistrate Judge McCurine concluded

21  that Petitioner's claim relating to Cal. Penal Code § 654 was addressed in Petitioner's direct appeals,

22  which included the same factual basis as that set forth in his federal habeas petition.

23       With respect to Petitioner's Motion for Stay and Abeyance, Magistrate Judge McCurine

24  applied the rule set forth in *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003), that a district court

25  must consider staying a fully exhausted federal petition to permit a petitioner to exhaust other claims

26  in state court and then add them by amendment to his stayed federal petition.  Magistrate Judge

27  McCurine found that Petitioner's Motion for Stay and Abeyance had been rendered moot by the

28  California Supreme Court's denial of the three claims set forth in his second Petition for Writ of

1  Habeas Corpus.  Magistrate Judge McCurine reasoned that Petitioner's new claims have a factual

2  predicate not known to him at the time he initially filed his federal petition–specifically, police reports

3  he only received after filing his federal petition.  Magistrate Judge McCurine therefore concluded that

4  Petitioner has a fully exhausted federal petition containing three claims, and recommended that

5  Petitioner be allowed to amend his Petition to add the three newly exhausted claims.

6  **RULING OF THE COURT**

7  When no objections are filed, the district court may assume the correctness of the findings of

8  fact by the Magistrate Judge and decide the motion on the applicable law.  *Campbell v.  United States*

9  *Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).  The failure to file objections relieves the district court

10  of the burden to give *de novo* review to findings of fact; the conclusions of law must be reviewed *de*

11  *novo*.  *Brilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing *Britt v. Simi Valley Unified School*

12  *Dist*., 708 F.2d 452, 454 (9th Cir. 1983)).  After thorough consideration of the findings of fact and *de*

13  *novo* review of all conclusions of law, the Court adopts the Report and Recommendation filed on

14  November 1, 2006.

15  Magistrate Judge McCurine correctly ruled that Petitioner's claim relating to Cal. Penal Code

16  § 654 was addressed in Petitioner's direct appeals, which included the same factual basis as that set

17  forth in his federal habeas petition.  In addition, the Court finds that Magistrate Judge McCurine

18  correctly concluded that Petitioner's Motion for Stay and Abeyance should be denied as moot, and

19  Petitioner provided opportunity to amend his Petition in order to add the three newly-exhausted claims

20  that were denied by the California Supreme Court.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

05cv2287

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

**IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation filed on November 1, 2006 (doc. no. 21).  Petitioner's Motion for Stay and Abeyance (doc. no. 11) is **DENIED** as moot.  It is further **ORDERED** that Petitioner file an Amended Petition incorporating his three newly exhausted claims, and serve a copy on all parties, no later than **January 26, 2007**. Respondent is ordered to file and serve an Answer to the Amended Petition no later than **February 12, 2007**.  If a Traverse is filed, it must be filed and served no later than **March 12, 2007**.

DATED:  December 19, 2006

**WILLIAM Q. HAYES**
United States District Judge

05cv2287