**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINH N. NGUYEN, Petitioner, vs. GEORGE GIURBINO, Warden, Respondent. | CASE NO. 05cv2287-WQH (WMc) **ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation of Magistrate Judge William McCurine, Jr., filed on June 7, 2007, recommending that the Court deny Petitioner's Petition for Writ of Habeas Corpus. (Doc # 30.)

**BACKGROUND**

In his Petition for Writ of Habeas Corpus (Doc. # 1), filed December 15, 2005, and Amended Petition for Writ of Habeas Corpus (Doc. # 27), filed January 16, 2007,[1] Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254, challenging his state court conviction of one count of conspiracy to commit murder and seven counts of attempted premeditated murder, with true findings that Petitioner was armed with a firearm. Petitioner claims: (1) the trial court failed to adequately instruct the jury with respect to the overt act element of the conspiracy charge; (2) the trial court failed to stay the conspiracy count in accordance with the legislature's intent in California Penal Code § 654; (3) appellate counsel rendered ineffective assistance for failing to raise the overt act claim on appeal; (4) trial counsel rendered ineffective assistance at trial for failure to investigate an intoxication defense; (5) trial counsel rendered ineffective assistance for failure to present an intoxication defense during trial or

[1] The Petition for Writ of Habeas Corpus (Doc. # 1) and the Amended Petition for Writ of Habeas Corpus (Doc. # 27) will be collectively referenced as the "Petition."

sentencing; and (6) that Petitioner is entitled to an evidentiary hearing and appointment of counsel.

Respondent filed an Answer (Doc. # 13) on August 18, 2006, and a First Amended Answer (Doc. # 28) on January 30, 2007. Petitioner filed a Traverse (Doc. # 20) on October 18, 2006, and an amended Traverse (Doc. # 29) on February 14, 2007.

On June 7, 2007, Magistrate Judge McCurine issued the Report and Recommendation recommending that this Court deny the Petition and deny Petitioner's request for an evidentiary hearing. (Doc. # 30.) The Magistrate Judge concluded: (a) Petitioner does not state a claim for habeas relief when he argues that the appellate court incorrectly interpreted California law in holding that driving away from a drive-by shooting could be an overt act in furtherance of conspiracy to murder; (b) with respect to the overt act of hiding the gun, which was improperly included in the jury instructions, the state appellate court's analysis under the harmless error standard articulated in *Chapman v. California*, 386 U.S. 18 (1967) was neither contrary to, nor an unreasonable application of, Supreme Court precedent, and the Petitioner suffered no prejudice as a result of the jury misinstruction; (c) the trial court did not err in failing to stay the conspiracy count pursuant to California Penal Code § 654; (d) Petitioner's ineffective representation claims center on his counsel's trial strategy, and Petitioner failed to show that the representation was objectively unreasonable, and (with respect to the alleged intoxication defense) Petitioner failed to show prejudice; and (e) Petitioner is not entitled to an evidentiary hearing.

Neither party filed objections to the Report and Recommendation.

**STANDARD OF REVIEW**

The duties of a district court in connection with a magistrate judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C.A. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objections are filed, a district court need not review

de novo the Report and Recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). When neither party objects to a Report and Recommendation, a district court may nevertheless "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006); *Or. Natural Desert Ass'n v. Rasmussen*, 451 F. Supp. 2d. 1202, 1205 (D. Or. 2006).

**DISCUSSION**

Neither party objected to the Report and Recommendation (Doc. 30). After reviewing the Report and Recommendation in its entirety, the Court finds the Magistrate Judge correctly concluded that Petitioner failed to show that he is entitled to federal habeas relief under the applicable legal standards. The Magistrate Judge also correctly concluded that Petitioner's request for an evidentiary hearing should be denied. The Court adopts the Report and Recommendation (Doc. # 30) in its entirety.

Petitioner also requests appointment of counsel. Although 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a § 2254 habeas case "if the interests of justice so require," *see* 18 U.S.C. § 3006A(a)(2)(B), the Court has determined that the interests of justice do not require the assistance of counsel in this case. Petitioner's request for appointment of counsel is denied.

**CONCLUSION**

The Report and Recommendation (Doc. # 30) is **ADOPTED IN ITS ENTIRETY**. Petitioner's Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus are **DENIED**, Petitioner's request for an evidentiary hearing is **DENIED**, and Petitioner's request for appointment of counsel is **DENIED**. The Clerk of the Court shall enter judgment in favor of Respondent.

DATED: July 31, 2007

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge