1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | LINH N. NGUYEN,                     CASE NO. 05cv2287 WQH (WMc)

12 |               Petitioner,     **ORDER**

   vs.

13 | GEORGE J. GIURBINO, Warden,

14 |               Respondent.

15 HAYES, Judge:

16       The matter before the Court is the Motion to Vacate Judgment pursuant to Rule 60(b)(6)

17 of the Federal Rules of Civil Procedure (Doc. # 41).

18                        **BACKGROUND**

19       On December 15, 2005, Petitioner Linh N. Nguyen filed a Petition for Writ of

20 Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1). On January 16, 2007, Petitioner filed

21 an Amended Petition for Writ of Habeas Corpus ("Amended Petition") (Doc. # 27). On June

22 7, 2007, United States Magistrate Judge McCurine issued a Report and Recommendation

23 ("R&R") recommending that this Court deny the Amended Petition, and deny Petitioner's

24 request for an evidentiary hearing (Doc. # 30). On July 31, 2007, this Court issued an Order

25 adopting the R&R in its entirety (Doc. # 31). On August 1, 2007, the Clerk of the Court

26 entered judgment against Petitioner (Doc. # 32).

27
28

On September 5, 2007, Petitioner filed a Motion to Vacate Judgment ("September 5 Motion to Vacate") pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. # 34).  Petitioner alleged that the failure to serve him with a copy of the Magistrate Judge's R&R constituted an extraordinary circumstance entitling him to Rule 60(b)(6) relief.  On September 13, 2007, Respondent filed a Response to the September 5 Motion to Vacate which agreed that if in fact Petitioner did not receive a copy of the R&R, he would be entitled to relief under Rule 60 of the Federal Rules of Civil Procedure (Doc. # 36).  On November 14, 2007, this Court granted the September 5 Motion to Vacate Judgment and vacated this Court's July 31, 2007 Order adopting the R&R (Doc. # 37).  The Court stated: "Any party may file objections to the Report and Recommendation no later than Monday, December 17, 2007.  Any party may file a reply to the objections to the Report and Recommendation no later than Monday, January 7, 2008." *Nov. 4 Order,* p. 3.

Neither party filed objections to the R&R.  On February 5, 2008, the Court issued an Order adopting the Magistrate Judge's June 7, 2007 R&R, and denying the Petition for Writ of Habeas Corpus and Amended Petition and Petitioner's request for an evidentiary hearing (Doc. # 38).  On February 6, 2008, the Clerk of the Court entered judgment against Petitioner (Doc. # 39).

On May 15, 2008, Petitioner filed the Motion to Vacate Judgment ("May 15 Motion to Vacate") that is presently before the Court.  The May 15 Motion to Vacate alleges that Petitioner never received a copy of the Court's November 14, 2007 Order granting the September 5 Motion to Vacate.  Petitioner requests that the Court vacate the judgment against him on grounds that Petitioner never received the Court's November 14, 2007 Order vacating the Court's August 1, 2007 judgment and granting him the opportunity to file objections on or before December 17, 2007.

On May 20, 2008, Petitioner filed Objections to the R&R (Doc. # 43).  Respondent has not filed any response to the May 15 Motion to Vacate or to Petitioner's Objections to the R&R.

**DISCUSSION**

## I.      Motion to Vacate

In the May 15 Motion to Vacate, Petitioner contends that he never received a copy of the Court's November 14, 2007 Order granting the September 5 Motion to Vacate and permitting Petitioner to file objections to the R&R on or before December 17, 2007.  Petitioner contends that his incoming legal mail logs reflect that he did not receive the Court's November 14, 2007 Order.

Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, a district court may grant a motion for relief from judgment when there is any reason not previously considered in Rule 60(b) that justifies granting relief from operation of the judgment.  FED. R. CIV. P. 60(b).  A party merits relief under Rule 60(b)(6) if he demonstrates that "extraordinary circumstances" prevented the party from taking timely action to prevent or correct an erroneous judgment.  *Cmty. Dental Servs. V. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002).  Relief under Rule 60(b)(6) normally will not be granted unless the moving party demonstrates "both injury and that circumstances beyond its control" prevented timely action to protect its interests.  *Id.*

After reviewing the record, the Court finds that Petitioner has demonstrated injury because he had no opportunity to timely file objections to the Report and Recommendation, and that his inability to timely file objections to the Report and Recommendation resulted from circumstances beyond his control.  The Court concludes that Petitioner has demonstrated extraordinary circumstances sufficient to warrant relief from judgment. The Court grants the May 15 Motion to Vacate.

## II.      Petitioner's Objections to the Report and Recommendation

Petitioner contends that the record "illustrates petitioner was under the influence of both alcohol and marijuana at the time the offenses [underlying his conviction] were committed." *Objections,* p. 3.  Petitioner contends that his trial counsel's failure to investigate or present a voluntary intoxication defense constituted ineffective assistance of counsel.  Petitioner further contends that even if Petitioner's evidence of intoxication fell short of a complete defense during trial, his attorney should have presented such evidence "in mitigation during petitioner's

1   sentencing." *Id.* at 4.

2       In order to obtain federal habeas relief, a state prisoner must show that his state court

3   conviction was either "contrary to, or involved an unreasonable application of, clearly

4   established federal law," or was "an unreasonable determination of the facts in light of the

5   evidence presented."   28 U.S.C. § 2254.   "Ineffective assistance of counsel claims are

6   governed by the two-prong analysis articulated in *Strickland v. Washington*, 466 U.S. 668

7   (1984).   Under the first prong, a habeas petitioner must demonstrate that counsel's

8   representation, considering all the circumstances, fell below an objective standard of

9   reasonableness. *Id*. at 687-89. Judicial scrutiny strongly presumes that the attorney's conduct

10  falls within the range of reasonable professional conduct.  *Id.* at 689.  A reasonable tactical

11  choice based on an adequate inquiry is immune from attack under *Strickland*."  *Id.* at 689-91.

12  To satisfy the second prong, petitioner must establish that he was also prejudiced by counsel's

13  substandard performance. *Id*. at 687. In order to show prejudice, the petitioner must

14  demonstrate with reasonable probability that, but-for counsel's unprofessional error, the

15  conviction or sentence would have been different. *Id*. at 694." *Gonzalez v. Knowles*, 515 F.3d

16  1006, 1014 (9th Cir. 2008).

17      The record reflects that trial counsel's election to abstain from pursuing a voluntary

18  intoxication defense was designed to portray Petitioner in the best light possible for purposes

19  of trial and sentencing.  It was reasonable for Petitioner's trial counsel to refrain from arguing

20  in the same breath that Petitioner was so intoxicated from alcohol and marijuana that he could

21  not form the specific intent to commit the underlying offense.  This strategy was a reasonable

22  tactical choice based on adequate inquiry.  The Court concludes that the decision of

23  Petitioner's trial counsel not to raise a voluntary intoxication defense or to present evidence

24  of Petitioner's voluntary intoxication as a mitigating factor at sentencing was not objectively

25  unreasonable.  Petitioner has also not shown prejudice.

26

27

28

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate Judgment (Doc. # 41) is **GRANTED.** The February 5, 2008 Order adopting all portions of the Report and Recommendation (Doc. # 38) and the February 6, 2008 Judgment (Doc. # 39) are **VACATED.**

The Court has reviewed Petitioner's Objections to the Report and Recommendation de novo, and has reviewed all aspects of the Report and Recommendation. The Court concludes that the Report and Recommendation correctly concluded that Petitioner failed to show that he is entitled to federal habeas relief under the applicable legal standards, and that Petitioner's request for an evidentiary hearing should be denied.

IT IS FURTHER ORDERED that the Report and Recommendation (Doc. # 30) is **ADOPTED.** The Amended Petition for Writ of Habeas Corpus (Doc. # 27) is **DENIED**, and Petitioner's request for an evidentiary hearing is **DENIED.**

DATED: October 27, 2008

**WILLIAM Q. HAYES**
United States District Judge